UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re Hilmer Construction Services, LLC d/b/a Ace Construction Services | § § § § § | Case No. 24-32456<br><br>Chapter 7 |
| Debtor. | | |

**HILMER CONSTRUCTION SERVICES, LLC's
ANSWER TO INVOLUNTARY PETITION**

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Hilmer Constructions Services, LLC d/b/a Ace Construction Services ("**Hilmer**") hereby files this *Answer to Involuntary Petition* ("**Answer**") and respectfully states the following:

**BACKGROUND**

1. On May 29, 2024, an involuntary petition under chapter 7 of the Bankruptcy Code was filed by three petitioning creditors ("**Involuntary Petition**")(DE 1). The three petitioning creditors are Miller Glass & Mirror, V&J Construction, and Margarito Concrete Services ("**Petitioning Creditors**").

2. The Clerk of the Court issued summons to Hilmer on June 6, 2024 ("**Summons**").

3. The Petitioning Creditors executed Summons on Mr. Hilmer Morgan on June 7, 2024 at Hilmer's business address at 1300 N. Sam Houston Parkway E, Houston, Texas 77032. Hilmer Morgan is the sole managing member of Hilmer.

4. Prior to the commencement of this case, the 199th Judicial District Court of Collin County, Texas entered an *Order Appointing Receiver and Compelling Discovery* on April 10, 2024 ("**Receiver Order**").

5. The receiver appointed by the state court is Dana E. Lipp ("**Receiver**") at 2591 Dallas Parkway, Suite 300, Frisco, Texas 75034, Phone: (214) 612-6380.

1

6. On May 24, 2024, the Receiver demanded that Zions Bancorporation, N.A. d/b/a Amegy Bank ("**Amegy**") freeze Hilmer's bank accounts. On the same date, Amegy froze two accounts with deposits of $2,446.20 and $102,355.28, respectively.

7. Section 543 of the Bankruptcy Code governs the duties of a state court receiver upon the commencement of a case under the Bankruptcy Code. *See* 11 U.S.C. §543. Generally, after the commencement of a case under the Bankruptcy Code, a state court receiver must cease taking any action other than that which is necessary to preserve property of the debtor or the bankruptcy estate that is within the receiver's possession or control.

8. The Summons orders that an answer or motion in response to the Involuntary Petition be filed within 21 days after service of the Summons pursuant to FED. R. BANKR. P. 1011(c). Out of an abundance of caution, Hilmer files this *Answer* to the Involuntary Petition as required by the Summons executed by the Petitioning Creditors.

## ANSWER

9. As a result of the Receiver freezing Hilmer's accounts at Amegy, Hilmer does not have funds to continue operations, complete customer projects in progress, or pay its debts as they come due.

10. In addition, Hilmer has creditors, other than the creditor who sought the appointment of the Receiver in the state court, that Hilmer will be unable to pay due to lack of funds or the ability to operate to complete construction projects in progress.

11. Hilmer has assets that can be administered for the benefit of all creditors in a chapter 7 case.

12. Hilmer is unaware of a basis to deny the allegations of the Petitioning Creditors in the Involuntary Petition and therefore admits same.

13. Hilmer is unaware of any bona fide dispute as to liability or amount regarding the alleged claims of the Petitioning Creditors.

Dated: June 19, 2024.                                    Respectfully submitted,

By: */s/ Erin E. Jones*
Erin Elizabeth Jones
Texas Bar No. 24032478
**JONES MURRAY LLP**
602 Sawyer, Suite 400
Houston, TX 77007
Telephone: 832-529-1999
Email: erin@jonesmurray.com
**COUNSEL FOR HILMER CONSTRUCTION SERVICES, LLC**

## CERTIFICATE OF SERVICE

Undersigned certifies that a true and correct copy of the foregoing was served electronically on this 19th day of June 2024 to counsel of record for the Petitioning Creditors and the United States Trustee via CM/ECF and via first class mail postage pre-paid to Dana E. Lipp at 2591 Dallas Parkway Suite 300, Frisco, Texas 75034.

*/s/ Erin E. Jones*